UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH K. HATFIELD and
JAMES HATFIELD,

    Plaintiffs,

v.        CASE NO.: 8:10-cv-1893-T-23TBM

SCHOOL DISTRICT OF SARASOTA
COUNTY, FLORIDA, and DIANA
O'NEILL,

    Defendants.
_____/

**ORDER**

The plaintiffs sue (Doc. 3), as the parents and natural guardians of T.H., for battery; a violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, et seq.; and a violation of T.H.'s right under the Fourteenth Amendment to the U.S. Constitution. The claims arise from the alleged abuse of T.H. by the defendant Diana O'Neil. O'Neill moves (Doc. 9) to dismiss and argues (1) that the amended complaint "fail[s] to reference the time, place, or manner" in which the alleged abuse occurred; (2) that the statute of limitations may bar some of the plaintiffs' claims; (3) that paragraphs twelve through eighteen allege incidents involving other students "without specifying who they were or when the alleged incidents occurred"; (4) that "neither this [c]ourt nor O'Neill are able to determine the exact nature of this claim," because the plaintiffs fail to provide sufficient factual information about the alleged incident or harm;

(5) that Florida law prohibits liability for O'Neill based on O'Neill's disciplining a student; and (6) that, as a public employee, O'Neill receives the protection of qualified immunity.

A review of the amended complaint (Doc. 3) reveals a lack of pertinent allegations as to the time and place of the alleged abuse of T.H. Furthermore, the allegations as to other individuals are not pertinent to the claim against O'Neill and constitute, at most, prospective evidence. To the extent that each allegation of harm to other individuals is pertinent to the plaintiffs' claim against the school district (to show a policy or custom under Monell v. Dep't of Social Serv., 436 U.S. 658 (1978)), the allegations belong in only the claim against the school district. However, because each count against O'Neill "re[-]alleges" each of the nineteen allegations of the complaint (including the allegations as to other students), the amended complaint amounts to an impermissible shotgun pleading.[*]

Accordingly, the motion to dismiss (Doc. 9) is construed as a motion for a more definite statement and is **GRANTED**. The amended complaint (Doc. 3) is **STRICKEN**. The plaintiffs shall file no later than **December 23, 2010**, a second amended complaint that both includes allegations of time and place as to the alleged abuse and omits from each claim against O'Neill the allegations as to other students.

ORDERED in Tampa, Florida, on December 10, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 n.71 (11th Cir. 2008).