UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH K. HATFIELD and
JAMES HATFIELD,

       Plaintiffs,

v.                                   CASE NO.: 8:10-cv-1893-T-23TBM

SCHOOL DISTRICT OF SARASOTA
COUNTY, FLORIDA, and DIANA
O'NEILL,

       Defendants.

_____/

## <u>ORDER</u>

The plaintiffs, as the parents and natural guardians of T.H., move (Doc. 15) under

Section 744.387, Florida Statutes, for appointment of a guardian ad litem in anticipation

of a settlement with the School District of Sarasota County (the "School District").[1]  The

plaintiffs note that "[t]he Thirteenth Judicial Circuit of the State of Florida has jurisdiction

to appoint a guardian for T.H., and [p]laintiff[]s are in the process of filing a petition for

appointment of a guardian."  The plaintiffs also request (Doc. 15) an extension of the

time in which to file a second amended complaint "so that the Second Amended

Complaint can omit Defendant School District as a party."

Under Rule 17(c), Federal Rules of Civil Procedure, a court must appoint a

guardian ad litem to sue or defend on behalf of either a minor or an incompetent person

_____

[1] Section 744.387 requires court approval of a settlement on behalf of a ward or minor and, if the settlement amount exceeds $15,000.00, requires a legal guardianship.  <u>See</u> <u>also</u> Fla. Stat. § 744.3025.

if the minor or incompetent person lacks a general guardian or other qualified

representative.  In this action, however, the general guardians of T.H. sue on T.H.'s

behalf, and Rule 17(c)(2) is inapplicable.  Furthermore, even if the need to appoint a

guardian ad litem under Rule 17(c) existed in this action, in federal court:

> [t]he powers of a guardian ad litem are limited to protecting the legal
> rights of the disabled party in the particular litigation and no property
> may pass into the guardian's hands.  As a result, if the infant or
> incompetent prevails, state practice may require a separate guardian
> to be appointed to receive payment of any award that may be
> involved.

6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1572 (3d ed.).

Accordingly, the motion (Doc. 15) for appointment of a guardian for the purpose

of settlement is **DENIED**.  Upon the appointment of a guardian by the state court, the

guardian may seek the state court's authorization for the guardian to settle this action

on specified terms.  Upon the guardian's demonstrating the state court's and the

guardian's consent to the settlement, the district court dismisses as contemplated in the

settlement.  The motion (Doc. 15) for an extension of time is also **DENIED**.  The

plaintiffs shall file a second amended complaint in accord with the December 10, 2010,

order (Doc. 14) and may request dismissal of the action as to the School District upon

approval of the proposed settlement.

ORDERED in Tampa, Florida, on December 17, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE