UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH K. HATFIELD and
JAMES HATFIELD,

    Plaintiffs,

v().                                                         CASE NO.: 8:10-cv-1893-T-23TBM

SCHOOL DISTRICT OF SARASOTA
COUNTY, FLORIDA, and DIANA
O'NEILL,

    Defendants.
_____/

**ORDER**

The plaintiffs sue (Doc. 3), as the parents and natural guardians of T.H., based on the alleged abuse of T.H. by the defendant Diana O'Neil. On October 28, 2010, O'Neill moved (Doc. 9) to dismiss and argued (1) that the amended complaint "fail[ed] to reference the time, place, or manner" in which the alleged abuse occurred; (2) that the statute of limitations may bar some of the plaintiffs' claims; (3) that paragraphs twelve through eighteen alleged incidents involving other students "without specifying who they were or when the alleged incidents occurred"; (4) that "neither this [c]ourt nor O'Neill are able to determine the exact nature of this claim," because the plaintiffs failed to provide sufficient factual information about the alleged incident or harm; (5) that Florida law prohibits liability for O'Neill based on O'Neill's disciplining a student; and (6) that, as a public employee, O'Neill receives the protection of qualified immunity. A December 10, 2010, order (Doc. 14) construes the motion as a request for a more definite statement

and finds (1) that the amended complaint (Doc. 3) lacks pertinent allegations as to the time and place of the alleged abuse of T.H.; (2) that the allegations as to other students are impertinent to the claim against O'Neill and constitute, at most, prospective evidence; and (3) that the amended complaint amounts to a "shotgun pleading." The order (Doc. 14) strikes the complaint and grants leave to amend. The plaintiffs file a second amended complaint, and O'Neill again moves (Doc. 21) to dismiss. O'Neill asserts (1) that the second amended complaint "merely re[-]arranges the allegations from one paragraph to another and, again, fails to allege time and place [of] the alleged abuse"; (2) the second amended complaint fails to omit from the claim against O'Neill each allegation as to other students; and (3) that the "other grounds" asserted in O'Neill's previous motion support dismissal. The plaintiffs respond (Doc. 22) in opposition.

### Allegations of the Second Amended Complaint

The plaintiffs are the parents and natural guardians of T.H., a minor born in 1996 with a severe brain disorder that rendered her cortically blind, unable to either speak or walk, and permanently incapable of intellectual development beyond the stage of an infant. T.H.'s physical and mental condition necessitates a wheelchair and twenty-four hour care. T.H. attended Venice Elementary School from 1999 until 2008 and became a student in the defendant Diana O'Neill's class six years ago. The plaintiffs allege that between October, 2007, and January, 2008, O'Neill (1) "slapped, pinched, poked[,] and shoved T.H." if T.H. failed to respond to O'Neill's command either in the manner that O'Neill demanded or in a manner that frustrated O'Neill; (2) "used [while feeding T.H.]

such unnecessary force with utensils as to cause T.H.'s gums to bleed"; (3) "intentionally tore skin from T.H.'s lip, causing [T.H.] to bleed"; (4) mistreated T.H. to the extent that T.H. became ill and vomited; (5) "inflicted unnecessary and unreasonable force and pain on T.H. by hitting her in the head with . . . plastic bottles[,] . . . binders[,] and wooden boards"; (5) "regularly referred to T.H. as a 'fat ass' and 'tons of fun' and stated that she was a 'waste of air' or that all 'she was doing was sucking up oxygen'"; and (7) "hit T.H. with a backhand in the head, even tough T.H. has a soft spot from having half of her brain removed when she was [eleven] months old." (Docs. 18, 18-1).

On February 21, 2008, a Venice police officer arrested O'Neill on a charge of aggravated child abuse (Doc. 18-2), and on March 3, 2009, the superintendent of schools for Sarasota County petitioned (Doc. 18-1) to terminate O'Neill's employment. The plaintiffs sue O'Neill and allege (1) under 42 U.S.C. § 1983 a violation of T.H.'s liberty interest under the Fourteenth Amendment to the U.S. Constitution, (2) battery, and (3) intentional infliction of emotional distress. The plaintiffs allege that O'Neill's behavior "shows that [O'Neill's] actions against T.H. were intentional and not based on legitimate teaching methods or techniques."

### Discussion

*1. Allegations as to Time and Place of Abuse
and Abuse of Other Students*

The December 10, 2010, order (Doc. 14) finds that the plaintiffs' allegations as to other students lack pertinence to the claim against O'Neill and constitute, at most, prospective evidence. Nonetheless, the plaintiffs re-allege each allegation as to the abuse of other students and argue (1) that each allegation is relevant to the plaintiffs'

claim for punitive damages under Section 768.72, Florida Statutes ("Section 768.72"); (2) that "[e]vidence of malicious and sadistic treatment against others is relevant to show that . . . O'Neill's actions against T.H. were intentional and not in 'good faith'"; and (3) that the allegations as the abuse of other students are relevant because O'Neill's alleged conduct "occurred in the same general time period and at the same place of the acts against T.H." The plaintiffs assert that the second amended complaint (plus attachments) includes allegations as to time and place (Docs. 18, 18-1, 18-2).

In this action, the plaintiffs assert two claims under state law.[1]  Section 768.72 permits an award of punitive damages "only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." The inquiry at the pleading stage of an action concerns factual allegations and not evidence.[2]  Nonetheless, in this instance, the allegations as to other students appear arguably pertinent both to providing factual support for the plaintiffs' claim for punitive damages and to establishing the time and place of the alleged abuse.

### *2. Failure to State a Claim*

O'Neill argues (Doc. 9) (1) that the statute of limitations bars the Section 1983 claim and (2) that the Fourteenth Amendment claim fails to satisfy the "shocking to the

---

[1] Section 1367 of Title 28, United States Code, permits supplemental jurisdiction over the plaintiffs' state law claims.

[2] Factual allegations are not evidence. At the pleading stage of an action, a plaintiff must provide "a short and plain statement of the claim" showing an entitlement to relief. The statement (i.e., factual allegations) are not evidence but "factual contentions" that either possess evidentiary support or, "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." FED. R. CIV. P. 11(b).

conscience" standard, which governs a substantive due process claim based on unreasonable physical force or battery. The plaintiffs respond (Doc. 22) and argue (1) that O'Neill's alleged conduct amounts to a violation the Fourteenth Amendment and (2) that the pertinent limitation effects no bar to the claim.

a. A Substantive Due Process Claim
& the "Conscience-Shocking" Standard

A government official whose use of force occurs under "color of state law" violates a substantive due process right if the official's conduct "'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Peterson v. Baker, 504 F.3d 1331, 1336 (11th Cir. 2007) (quoting County of Sacramento v. Lewis, 523 U.S. 833 (1998)). "'[E]xcessive corporal punishment, at least [if] not administered in conformity with a valid school policy authorizing corporal punishment . . . , may be actionable under the Due Process Clause [if] it is tantamount to arbitrary, egregious, and conscience-shocking behavior.'" 504 F.3d at 1337 (quoting Neal v. Fulton County Bd. of Educ., 229 F.3d 1069, 1075 (11th Cir. 2000)); T.W. ex rel. Wilson v. School Bd. of Seminole County, Fla., 610 F.3d 588, 598 (11th Cir. 2010) (Pryor, J.). A teacher's conduct qualifies as "conscience-shocking" if "'(1) a school official intentionally used an amount of force that was obviously excessive under the circumstances[] and (2) the force used presented a reasonably foreseeable risk of serious bodily injury.'" 504 F.3d at 1337. The "excessive" nature of the force employed depends upon (1) the need for corporal punishment, (2) the connection between the need and the amount of force administered, and (3) the extent of the injury sustained. "The key inquiry is not what form the use of force takes but whether the use of force is 'related to [the student's]

misconduct at school and . . . for the purpose of discipline.'" T.W. ex rel. Wilson, 610 F.3d at 599. "The conscience-shocking threshold is more quickly reached in cases where the victim is particularly vulnerable to abuse and is otherwise defenseless." G.C. ex rel. Cosco v. School Bd. of Seminole County, Fla., 639 F. Supp. 2d 1295, 1305 (M.D. Fla. 2009) (Antoon, J.) (citing cases involving students with disabilities).

In arguing for dismissal, O'Neill emphasizes T.H.'s relatively minor physical injury, which O'Neill describes as "cuts and scrapes." However, in this instance, neither O'Neill nor the second amended complaint identifies a pedagogical need for the alleged use of force against T.H., a severely disabled, non-ambulatory, non-verbal child. The plaintiffs allege that the force used against T.H. caused T.H.'s mouth and lips to bleed and caused T.H. to become ill and vomit. Additionally, the plaintiffs allege that O'Neill repeatedly struck T.H.'s head, despite the fact that T.H. possessed a vulnerable "soft spot" on her head from brain surgery. The alleged use of force by O'Neill undoubtedly presented a "reasonably foreseeable risk of serious bodily injury." Therefore, assuming the truth of each allegation, the plaintiffs allege sufficient facts to state a claim under the Fourteenth Amendment and to satisfy the "conscience-shocking" standard.[3]

### b. The Statute of Limitations

A plaintiff must assert a claim arising in Florida under Section 1983 no later than four years after the claim accrues. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 (11th Cir. 2002). Because the second amended complaint asserts that the alleged

---

[3] O'Neill argues that the plaintiffs lack standing under Article III, because the plaintiffs fail to allege an injury sufficient to support a claim for the violation of a constitutional right. Because the plaintiffs in fact present sufficient allegations to support the claim for a constitutional violation, this order declines to evaluate the plaintiffs' standing.

- 6 -

abuse occurred between October, 2007, and January, 2008, the statute of limitations presents no impediment to the plaintiffs' claim.

### 3. Liability for the Exercise of Discipline

As to the plaintiffs' battery claim, O'Neill argues (1) that under Florida law a teacher in loco parentis possesses no liability for conduct connected with the teacher's disciplining or exercising authority over a child and (2) that no allegation describes conduct beyond O'Neill's "generally prescribed duties as a school teacher of special needs children, such as T.H., who cannot be verbally controlled." The plaintiffs respond (1) that the second amended complaint contains sufficient allegations and (2) that, "[u]ltimately, whether the amount of force used was 'reasonable' is a question of fact for the jury . . . ."

"The parental privilege to administer corporal punishment is an affirmative defense." Corsen v. State, 784 So. 2d 535, 536 (Fla. 5th DCA 2001); Brown v. State, 802 So. 2d 434, 436 (Fla. 4th DCA 2001) (finding that a 1988 amendment eliminates the parental privilege, except for simple battery, e.g., "a typical spanking"). In this instance, the second amended complaint provides sufficient allegations to state a claim beyond a "typical spanking." Furthermore, both the reasonableness of O'Neill's conduct and the parental privilege defense constitute an insufficient basis for dismissal.

### 4. Qualified Immunity

O'Neill asserts immunity under both state and federal law. For a claim under Section 1983, "[q]ualified immunity permits a government official to perform a discretionary duty 'without the fear of personal liability or harassing litigation' and

protects from suit 'all but the plainly incompetent.'" Ainsworth v. City of Tampa, 2010 WL 2220247, *2 (M.D. Fla. 2010). To defeat qualified immunity, the factual allegations of the complaint (preliminarily accepted as true) must state a constitutional violation clearly established by existing legal precedent. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818-20 (2009); Ainsworth, 2010 WL 2220247 at *2. "For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 926 (11th Cir. 2000). Under Section 768.28, Florida Statutes:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In this instance, O'Neill argues (1) that O'Neill's "legal right and ability to touch and physically restrain her students was something that a reasonable person in Florida, including the parents of T.H., should have known" and (2) that the second amended complaint fails to show that O'Neill violated a clearly established right of T.H. The plaintiffs argue that, if accepted as true, the factual allegations of the second amended complaint sufficiently support the claim that O'Neill violated T.H.'s right to freedom from excessive force. In fact, the law clearly establishes a limited, substantive due process right to freedom under the Fourteenth Amendment from the excessive use force by a

teacher.  See T.W. ex rel. Wilson, 610 F.3d at 598.  Accepting the factual allegations as true, the plaintiffs present sufficient support for (1) a violation of T.H.'s clearly established constitutional right and (2) the bad faith or malicious nature of the conduct by O'Neill.

### Conclusion

Accordingly, O'Neill's motion (Doc. 21) to dismiss the second amended complaint is **DENIED**.  The motion (Doc. 23) to file a reply is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on January 26, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE